# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
YOMAIRA SANTIAGO,

                Plaintiff,

- against -

BAUSCH & LOMB INCORPORATED,

                Defendant.

-----------------------------------------------------------X

**ORDER**

CV 06-3166 (ENV) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Yomaira Santiago ("Santiago") commenced this action against defendant Bausch & Lomb Incorporated ("B&L") on May 23, 2006, in the Supreme Court of the State of New York, Richmond County. *See* docket entry ("DE") 1-1 at 10-36 (Summons & Verified Complaint). By notice dated June 27, 2006, B&L removed the case to this court. *See* DE 1-1 at 1-8 (Notice of Removal). On July 31, 2006, I stayed most discovery until further order, in light of both Santiago's anticipated motion to remand the case to the state court in which it was filed and B&L's motion for consolidation that is currently pending before the Judicial Panel on Multidistrict Litigation (the "JPML"). *See* DE 12. Explicitly excepted from the stay was the matter Santiago now before me: Santiago's request for an order compelling B&L to produce certain information about its insurance coverage pursuant to Federal Rule of Civil Procedure ("Rule") 26(a)(1)(D). B&L objects to providing such information at this juncture. For the reasons set forth below, I grant Santiago's motion to compel.

      Santiago argues that the stay did not terminate B&L's pre-existing obligation pursuant to a joint discovery plan that the parties executed before their initial court appearance to provide initial disclosures by the date of that conference. *See*. Likewise, Santiago argues that the stay did not alter B&L's obligation to comply with Rule 26(a), which does not contain an exception for

cases in which there is a petition for consolidation pending before the JPML. *See* DE 17 at 1-2. For its part, B&L argues that the discovery at issue can be produced in a more efficient and streamlined manner once this case and others like it are consolidated in a single multidistrict proceeding pursuant to 28 U.S.C. § 1407. *See* DE 16 at 2. I agree with Santiago.

B&L cites a single case in support of its efficiency argument: *North v. Merck & Co., Inc.*, 2005 WL 2921638 (W.D.N.Y. Nov. 4, 2005). That case is inapposite. The question before the court in *North* was whether to stay proceedings in the action (including a motion to remand and discovery) pending transfer of the case to another court in which the JPML had *already* consolidated a number of similar cases. That the court answered the question in the affirmative and noted the efficiency of doing so has little bearing on the issue before me, as the JPML has not yet issued a conditional transfer order applicable to this case and general discovery has already been stayed.

Moreover, the decision in *North* resulted in the deferral, until after the transfer, of issues that were common to many of the cases that had already been consolidated. By contrast, in the instant case the insurance information that the defendant objects to providing may prove relevant to the issue of *whether* this case is appropriate for consolidation into any multidistrict litigation, assuming that the JPML orders some such relief as to other cases. For that reason, it may well be as efficient, if not more so, for me to resolve the instant dispute now, even if the case is later transferred to another jurisdiction. Finally, I note that the efficiency argument is rather weak in light of the minimal burden – one that the defendant will inevitable bear sooner or later – that disclosing the requested information will impose.

For the reasons stated above, I grant Santiago's motion to compel B&L to provide insurance information pursuant to Rule 26(a)(1)(D). B&L shall provide the information no later than August 28, 2006.

**SO ORDERED.**

Dated: Brooklyn, New York
August 14, 2006

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge